DJB: USAO 2018R00611

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 APR 15  PM 4:09

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 19cr193 |
| | * | |
| BERNADETTE MBI FUO ATTIA, | * | (Wire Fraud, 18 U.S.C. § 1343; |
| | * | Money Laundering, 18 U.S.C. |
| Defendant | * | § 1956(a)(1)(B)(i); Aiding and |
| | * | Abetting, 18 U.S.C. § 2; Forfeiture, |
| | * | 18 U.S.C. §§ 981(a)(1)(C) and |
| | * | 982(a)(1), 21 U.S.C. § 853, 28 |
| | * | U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNTS ONE THROUGH THREE
(Wire Fraud)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. Defendant **BERNADETTE MBI FUO ATTIA** ("ATTIA") was a resident of Maryland.

2. The Maryland State Department of Assessments and Taxation ("SDAT") was the branch of the State of Maryland government responsible for, among other things, serving as the custodian of documents relating to the organization and ownership of many types of business entities that are required to file documents with the State, including registrations, articles of organization, and charters.

3. "JBS Holding LLC" was a business purportedly located in Laurel, Maryland that was registered with SDAT.

The Financial Institutions

4. Woodforest National Bank ("Woodforest") was headquartered in Texas and operated bank branches in numerous states, including Maryland.

5. SunTrust Bank ("SunTrust") was headquartered in Georgia and operated bank branches in numerous states, including Maryland.

The Victims

6. Victim 1 was a business located in Michigan and Victim 2 was a business located in Hawaii (collectively, the "Victim Companies").

7. Victim 3 was an individual living in Minnesota (the "Individual Victim").

Spoofed Email Accounts

8. A "spoofed" email account is a fraudulent email account intended to closely resemble a legitimate email account. For example, if JohnDoe@domain1.com were a legitimate email account, spoofed email accounts might include JohnDoe@domain2.com or JonhDoe@domain1.com.

**The Scheme to Defraud**

9. Between in or about November 2017 and in or about February 2018, in the District of Maryland and elsewhere, the defendant,

**BERNADETTE MBI FUO ATTIA,**

knowingly and willfully devised and intended to devise a scheme and artifice to defraud the Victim Companies, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud").

## Manner and Means of the Scheme to Defraud

10. It was part of the scheme to defraud that **ATTIA** and others, known and unknown to the Grand Jury, gained access to email accounts of counterparties (including, for example, vendors and subcontractors) that conducted legitimate business with the Victim Companies.

11. It was further part of scheme to defraud that **ATTIA** and others, known and unknown to the Grand Jury, sent emails to the Victim Companies from spoofed email accounts so as to cause employees of the Victim Companies to believe that they were communicating with their legitimate counterparties.

12. It was further part of the scheme to defraud that **ATTIA** registered fraudulent shell businesses with SDAT. For example, on or about November 29, 2017, **ATTIA** registered JBS Holding LLC with SDAT, or caused the company to be registered. The Articles of Organization listed the Individual Victim as the resident agent of JBS Holding LLC.

13. It was further part of the scheme to defraud that **ATTIA** opened fraudulent business bank accounts, including the following accounts, for the purpose of receiving payments from the Victim Companies (collectively, the "drop accounts"):

   a. On or about December 7, 2017, **ATTIA** opened at a SunTrust branch located in Glen Burnie, Maryland a SunTrust business account ending in x4720 in the name of JBS Holding LLC (the "SunTrust JBS Holding Account"). The Individual Victim was the sole signor on the SunTrust JBS Holding Account.

   b. On or about December 11, 2017, **ATTIA** opened at a Woodforest branch located in Hanover, Maryland a Woodforest business account ending in x1077 in the name of JBS Holding LLC (the "Woodforest JBS Holding Account"). The Individual Victim was the sole signor on the Woodforest JBS Holding Account.

14.     It was further part of the scheme to defraud that **ATTIA** used a fake Cameroonian passport in the name of the Individual Victim to open the Woodforest JBS Holding Account and to transact in the SunTrust JBS Holding Account.

15.     It was further part of the scheme to defraud that **ATTIA** and others, known and unknown to the Grand Jury, caused the Victim Companies to transmit money to the drop accounts by sending false and fraudulent payment instructions and other communications to the Victim Companies from the spoofed email accounts.

## The Charges

16.     On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**BERNADETTE MBI FUO ATTIA,**

for the purpose of executing and attempting to execute the scheme to defraud, knowingly transmitted and caused to be transmitted in interstate commerce by means of a wire communication, any writings, signs, signals, pictures, and sounds, as set forth below:

| COUNT | DATE | WIRE DESCRIPTION |
|---|---|---|
| 1 | December 19, 2017 | a $49,671.90 Automated Clearing House ("ACH") credit originating outside of Maryland to the Woodforest JBS Holding Account in Maryland |
| 2 | February 22, 2018 | an $86,116.51 ACH credit originating outside of the State of Maryland, to the SunTrust JBS Holding Account in Maryland |
| 3 | February 27, 2018 | an $86.462.92 ACH credit originating outside of the State of Maryland, to the SunTrust JBS Holding Account in Maryland |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNTS FOUR AND FIVE
(Money Laundering)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 15 of Counts One through Three of this Indictment are incorporated here.

2. MoneyGram, International Inc. was a financial services business that enabled members of the public to purchase money orders through authorized MoneyGram agents.

3. Walmart Stores, Inc. ("Walmart") was a consumer retail business incorporated in Delaware and headquartered in Arkansas that was an authorized MoneyGram agent.

4. On or about October 20, 2017, a Woodforest individual checking account in the name of "Bernadette Mbi Fuo Attia," with an account number ending in x5175, was opened at a Woodforest branch in Laurel, Maryland (the "Woodforest Attia Account"). "Bernadette Mbi Fuo Attia" was the sole signor on the Woodforest Attia Account.

5. On or about December 21, 2017, after the $49,671.90 ACH transfer described in Count One of this Indictment was credited to the Woodforest JBS Holding Account, **ATTIA** used, or caused to be used, the debit card associated with the Woodforest JBS Holding Account to purchase from a Walmart store located in Hanover, Maryland, three MoneyGram money orders: (i) a MoneyGram money order in the amount of $1,000 made payable to "Bernadette MF Attia"; (ii) a second MoneyGram money order in the amount of $1,000 made payable to "Bernadette MF Attia"; and, (iii) a MoneyGram money order in the amount of $500 made payable to "Marian N. Peters."

6. On or about December 29, 2017, **ATTIA** deposited, or caused to be deposited, into the Woodforest Attia Account the two MoneyGram money orders made payable to her.

5

## The Charges

7.  On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**BERNADETTE MBI FUO ATTIA,**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity—to wit, wire fraud in violation of 18 U.S.C. § 1343—while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and further knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity:

| COUNT | DATE | DESCRIPTION OF FINANCIAL TRANSACTION |
|---|---|---|
| 4 | December 29, 2017 | deposit of $1,000 MoneyGram money order with serial number R207718094420 into the Woodforest Attia Account |
| 5 | December 29, 2017 | deposit of $1,000 MoneyGram money order with serial number R207718094430 into the Woodforest Attia Account |

18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' conviction on Counts One through Five of this Indictment.

### Wire Fraud Forfeiture

2. Upon conviction of the offenses set forth in Counts One through Three of this Indictment, the defendant,

**BERNADETTE MBI FUO ATTIA,**

shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

### Money Laundering Forfeiture

3. Upon conviction of the offenses set forth in Counts Four and Five of this Indictment, the defendant,

**BERNADETTE MBI FUO ATTIA,**

shall forfeit to the United States, any property, real and personal, involved in such offense, and any property traceable to such property.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*[signature]*
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 4/15/19